TREATIES AND OTHER INTERNATIONAL ACTS SERIES 07-426

---

# EXTRADITION

**Treaty Between the**

**UNITED STATES OF AMERICA**

**and the UNITED KINGDOM OF**

**GREAT BRITAIN AND**

**NORTHERN IRELAND**

Signed at Washington March 31, 2003

 with

Exchanges of Letters



NOTE BY THE DEPARTMENT OF STATE

Pursuant to Public Law 89—497, approved July 8, 1966
(80 Stat. 271; 1 U.S.C. 113)—

". . .the Treaties and Other International Acts Series issued
under the authority of the Secretary of State shall be competent
evidence . . . of the treaties, international agreements other than
treaties, and proclamations by the President of such treaties and
international agreements other than treaties, as the case may be,
therein contained, in all the courts of law and equity and of maritime
jurisdiction, and in all the tribunals and public offices of the
United States, and of the several States, without any further proof
or authentication thereof."

# UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND

## Extradition

*Treaty signed at Washington March 31, 2003;*
*Transmitted by the President of the United States of America*
*to the Senate April 19, 2004 (Treaty Doc. 108-23,*
*108th Congress, 2d Session);*
*Reported favorably by the Senate Committee on Foreign Relations*
*September 7, 2006 (Senate Executive Report No. 109-19,*
*109th Congress, 2d Session);*
*Advice and consent to ratification by the Senate*
*September 29, 2006;*
*Ratified by the President December 6, 2006;*
*Entered into force April 26, 2007.*
*With exchanges of letters.*

EXTRADITION TREATY
BETWEEN
THE GOVERNMENT OF THE UNITED STATES OF AMERICA
AND
THE GOVERNMENT OF THE UNITED KINGDOM OF GREAT BRITAIN
AND NORTHERN IRELAND

# TABLE OF CONTENTS

Article 1 ........................................................……………. Obligation to Extradite

Article 2 ........................................................………….... Extraditable Offenses

Article 3 ........................................................................... Nationality

Article 4 ........................................................……………… Political and Military
                                                                            Offenses

Article 5 ........................................................………....... Prior Prosecution

Article 6 ........................................................…………..Statute of Limitations

Article 7 ........................................................………....…Capital Punishment

Article 8 ........................................………………............Extradition Procedures and
                                                                            Required Documents

Article 9 ........................................…………….....Authentication of Documents

Article 10........................................................………...Additional Information

Article 11........................................................................ Translation

Article 12........................................................……...... Provisional Arrest

Article 13........................................................…………... Decision and Surrender

Article 14........................................................……........ Temporary and
                                                                            Deferred Surrender

Article 15........................................……………........Requests for Extradition
                                                                            Made by Several States

Article 16........................................…………….......Seizure and Surrender of
                                                                            Property

Article 17........................……………........................Waiver of Extradition

Article 18........................................................……….Rule of Specialty

Article 19........................................… ...................Transit

Article 20...…………….......................................... Representation and Expenses

Article 21........................................................…........ Consultation

Article 22........................................................................ Application

Article 23…………….........................................Ratification and Entry into
                                                                            Force

Article 24........................................................................ Termination

The Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland,

Recalling the Extradition Treaty between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland signed at London, June 8, 1972, as amended by the Supplementary Treaty between the two States, signed at Washington, June 25, 1985; and

Desiring to provide for more effective cooperation between the two States in the suppression of crime, and, for that purpose, to conclude a new treaty for the extradition of offenders;

Have agreed as follows:

Article 1

Obligation to Extradite

The Parties agree to extradite to each other, pursuant to the provisions of this Treaty, persons sought by the authorities in the Requesting State for trial or punishment for extraditable offenses.

Article 2

Extraditable Offenses

1.     An offense shall be an extraditable offense if the conduct on which the offense is based is punishable under the laws in both States by deprivation of liberty for a period of one year or more or by a more severe penalty.

2.     An offense shall also be an extraditable offense if it consists of an attempt or a conspiracy to commit, participation in the commission of, aiding or abetting, counseling or procuring the commission of, or being an accessory before or after the fact to any offense described in paragraph 1 of this Article.

3.     For the purposes of this Article, an offense shall be an extraditable offense:

    (a)     whether or not the laws in the Requesting and Requested States place the offense within the same category of offenses or describe the offense by the same terminology; or

    (b)     whether or not the offense is one for which United States federal law requires the showing of such matters as interstate transportation, or use of the mails or of other facilities affecting interstate or foreign commerce, such matters being jurisdictional only.

4.     If the offense has been committed outside the territory of the Requesting State, extradition shall be granted in accordance with the provisions of the Treaty if the laws in the Requested State provide for the punishment of such conduct committed outside its territory in similar circumstances. If the laws in the Requested State do not provide for the punishment of such conduct committed outside of its territory in similar circumstances, the executive authority of the Requested State, in its discretion, may grant extradition provided that all other requirements of this Treaty are met.

5.     If extradition has been granted for an extraditable offense, it may also be granted for any other offense specified in the request if the latter offense is punishable by less than one year's deprivation of liberty, provided that all other requirements for extradition are met.


Article 3

Nationality

Extradition shall not be refused based on the nationality of the person sought.


Article 4

Political and Military Offenses

1.     Extradition shall not be granted if the offense for which extradition is requested is a political offense.


2.     For the purposes of this Treaty, the following offenses shall not be considered political offenses:

(a)     an offense for which both Parties have the obligation pursuant to a multilateral international agreement to extradite the person sought or to submit the case to their competent authorities for decision as to prosecution;

(b)     a murder or other violent crime against the person of a Head of State of one of the Parties, or of a member of the Head of State's family;

(c)     murder, manslaughter, malicious wounding, or inflicting grievous bodily harm;

(d)     an offense involving kidnaping, abduction, or any form of unlawful detention, including the taking of a hostage;

(e)     placing or using, or threatening the placement or use of, an explosive, incendiary, or destructive device or firearm capable of endangering life, of causing grievous bodily harm, or of causing substantial property damage;

(f)     possession of an explosive, incendiary, or destructive device capable of endangering life, of causing grievous bodily harm, or of causing substantial property damage;

    (g)    an attempt or a conspiracy to commit, participation in the commission of, aiding or abetting, counseling or procuring the commission of, or being an accessory before or after the fact to any of the foregoing offenses.

3.    Notwithstanding the terms of paragraph 2 of this Article, extradition shall not be granted if the competent authority of the Requested State determines that the request was politically motivated. In the United States, the executive branch is the competent authority for the purposes of this Article.

4.    The competent authority of the Requested State may refuse extradition for offenses under military law that are not offenses under ordinary criminal law. In the United States, the executive branch is the competent authority for the purposes of this Article.

## Article 5

### Prior Prosecution

1.    Extradition shall not be granted when the person sought has been convicted or acquitted in the Requested State for the offense for which extradition is requested.

2.    The Requested State may refuse extradition when the person sought has been convicted or acquitted in a third state in respect of the conduct for which extradition is requested.

3.    Extradition shall not be precluded by the fact that the competent authorities of the Requested State:

    (a)    have decided not to prosecute the person sought for the acts for which extradition is requested;

    (b)    have decided to discontinue any criminal proceedings which have been instituted against the person sought for those acts; or

    (c)    are still investigating the person sought for the same acts for which extradition is sought.

## Article 6

### Statute of Limitations

The decision by the Requested State whether to grant the request for extradition shall be made without regard to any statute of limitations in either State.

Article 7

Capital Punishment

When the offense for which extradition is sought is punishable by death under the laws in the Requesting State and is not punishable by death under the laws in the Requested State, the executive authority in the Requested State may refuse extradition unless the Requesting State provides an assurance that the death penalty will not be imposed or, if imposed, will not be carried out.

Article 8

Extradition Procedures and Required Documents

1.      All requests for extradition shall be submitted through the diplomatic channel.

2.      All requests for extradition shall be supported by:

      (a)      as accurate a description as possible of the person sought, together with any other information that would help to establish identity and probable location;

      (b)      a statement of the facts of the offense(s);

      (c)      the relevant text of the law(s) describing the essential elements of the offense for which extradition is requested;

      (d)      the relevant text of the law(s) prescribing punishment for the offense for which extradition is requested; and

      (e)      documents, statements, or other types of information specified in paragraphs 3 or 4 of this Article, as applicable.

3.      In addition to the requirements in paragraph 2 of this Article, a request for extradition of a person who is sought for prosecution shall be supported by:

      (a)      a copy of the warrant or order of arrest issued by a judge or other competent authority;

      (b)      a copy of the charging document, if any; and

      (c)      for requests to the United States, such information as would provide a reasonable basis to believe that the person sought committed the offense for which extradition is requested.

4.     In addition to the requirements in paragraph 2 of this Article, a request for extradition relating to a person who has been convicted of the offense for which extradition is sought shall be supported by:

(a)     information that the person sought is the person to whom the finding of guilt refers;

(b)     a copy of the judgment or memorandum of conviction or, if a copy is not available, a statement by a judicial authority that the person has been convicted;

(c)     a copy of the sentence imposed, if the person sought has been sentenced, and a statement establishing to what extent the sentence has been carried out; and

(d)     in the case of a person who has been convicted *in absentia*, information regarding the circumstances under which the person was voluntarily absent from the proceedings.

## Article 9

### Authentication of Documents

The documents that support an extradition request shall be deemed to be authentic and shall be received in evidence in extradition proceedings without further proof if:

(a)     regarding a request from the United States

(i)     they are authenticated by the oath of a witness, or

(ii)    they purport to be signed by a judge, magistrate, or officer of the United States and they purport to be certified by being sealed with the official seal of the Secretary of State of the United States;

(b)     regarding a request from the United Kingdom, they are certified by the principal diplomatic or principal consular officer of the United States resident in the United Kingdom, as provided by the extradition laws of the United States;

(c)     regarding a request from a territory of the United Kingdom, they are certified either by the principal diplomatic or principal consular officer of the United States responsible for that territory; or

(d)   regarding a request from either Party, they are certified or authenticated in any other manner acceptable under the law in the Requested State.

## Article 10

## Additional Information

If the Requested State requires additional information to enable a decision to be taken on the request for extradition, the Requesting State shall respond to the request within such time as the Requested State requires.

## Article 11

## Translation

All documents submitted under this Treaty by the Requesting State shall be in English or accompanied by a translation into English.

## Article 12

## Provisional Arrest

1.      In an urgent situation, the Requesting State may request the provisional arrest of the person sought pending presentation of the request for extradition.  A request for provisional arrest may be transmitted through the diplomatic channel or directly between the United States Department of Justice and such competent authority as the United Kingdom may designate for the purposes of this Article.

2.      The application for provisional arrest shall contain:

(a)   a description of the person sought;

(b)   the location of the person sought, if known;

(c)   a brief statement of the facts of the case including, if possible, the date and location of the offense(s);

(d)   a description of the law(s) violated;

(e)   a statement of the existence of a warrant or order of arrest or a finding of guilt or judgment of conviction against the person sought; and

   (f)  a statement that the supporting documents for the person sought will follow within the time specified in this Treaty.

   3.  The Requesting State shall be notified without delay of the disposition of its request for provisional arrest and the reasons for any inability to proceed with the request.

   4.  A person who is provisionally arrested may be discharged from custody upon the expiration of sixty (60) days from the date of provisional arrest pursuant to this Treaty if the executive authority of the Requested State has not received the formal request for extradition and the documents supporting the extradition request as required in Article 8. For this purpose, receipt of the formal request for extradition and supporting documents by the Embassy of the Requested State in the Requesting State shall constitute receipt by the executive authority of the Requested State.

   5.  The fact that the person sought has been discharged from custody pursuant to paragraph 4 of this Article shall not prejudice the subsequent re-arrest and extradition of that person if the extradition request and supporting documents are delivered at a later date.

## Article 13

## Decision and Surrender

   1.  The Requested State shall promptly notify the Requesting State of its decision on the request for extradition. Such notification should be transmitted directly to the competent authority designated by the Requesting State to receive such notification and through the diplomatic channel.

   2.  If the request is denied in whole or in part, the Requested State shall provide reasons for the denial. The Requested State shall provide copies of pertinent judicial decisions upon request.

   3.  If the request for extradition is granted, the authorities of the Requesting and Requested States shall agree on the time and place for the surrender of the person sought.

   4.  If the person sought is not removed from the territory of the Requested State within the time period prescribed by the law of that State, that person may be discharged from custody, and the Requested State, in its discretion, may subsequently refuse extradition for the same offense(s).

Article 14

Temporary and Deferred Surrender

1.      If the extradition request is granted for a person who is being proceeded against or is serving a sentence in the Requested State, the Requested State may temporarily surrender the person sought to the Requesting State for the purpose of prosecution.  If the Requested State requests, the Requesting State shall keep the person so surrendered in custody and shall return that person to the Requested State after the conclusion of the proceedings against that person, in accordance with conditions to be determined by mutual agreement of the States.

2.      The Requested State may postpone the extradition proceedings against a person who is being prosecuted or who is serving a sentence in that State.  The postponement may continue until the prosecution of the person sought has been concluded or until such person has served any sentence imposed.

Article 15

Requests for Extradition Made by Several States

If the Requested State receives requests from two or more States for the extradition of the same person, either for the same offense or for different offenses, the executive authority of the Requested State shall determine to which State, if any, it will surrender the person.  In making its decision, the Requested State shall consider all relevant factors, including but not limited to:

(a)     whether the requests were made pursuant to a treaty;

(b)     the place where each offense was committed;

(c)     the gravity of the offenses,

(d)     the possibility of any subsequent extradition between the respective Requesting States; and

(e)     the chronological order in which the requests were received from the respective Requesting States.

Article 16

Seizure and Surrender of Property

1.      To the extent permitted under its law, the Requested State may seize and surrender to the Requesting State all items in whatever form, and assets, including

proceeds, that are connected with the offense in respect of which extradition is granted. The items and assets mentioned in this Article may be surrendered even when the extradition cannot be effected due to the death, disappearance, or escape of the person sought.

2.     The Requested State may condition the surrender of the items upon satisfactory assurances from the Requesting State that the property will be returned to the Requested State as soon as practicable.  The Requested State may also defer the surrender of such items if they are needed as evidence in the Requested State.

## Article 17

### Waiver of Extradition

If the person sought waives extradition and agrees to be surrendered to the Requesting State, the Requested State may surrender the person as expeditiously as possible without further proceedings.

## Article 18

### Rule of Specialty

1.     A person extradited under this Treaty may not be detained, tried, or punished in the Requesting State except for:

(a)     any offense for which extradition was granted, or a differently denominated offense based on the same facts as the offense on which extradition was granted, provided such offense is extraditable, or is a lesser included offense;

(b)     any offense committed after the extradition of the person; or

(c)     any offense for which the executive authority of the Requested State waives the rule of specialty and thereby consents to the person's detention, trial, or punishment.  For the purpose of this subparagraph:

(i)     the executive authority of the Requested State may require the submission of the documentation called for in Article 8; and

(ii)     the person extradited may be detained by the Requesting State for 90 days, or for such longer period of time as the Requested State may authorize, while the request for consent is being processed.

2.     A person extradited under this Treaty may not be the subject of onward extradition or surrender for any offense committed prior to extradition to the Requesting State unless the Requested State consents.

3.     Paragraphs 1 and 2 of this Article shall not prevent the detention, trial, or punishment of an extradited person, or the extradition of the person to a third State, if the person:

      (a)     leaves the territory of the Requesting State after extradition and voluntarily returns to it; or

      (b)     does not leave the territory of the Requesting State within 20 days of the day on which that person is free to leave.

4.     If the person sought waives extradition pursuant to Article 17, the specialty provisions in this Article shall not apply.

Article 19

Transit

1.     Either State may authorize transportation through its territory of a person surrendered to the other State by a third State or from the other State to a third State.  A request for transit shall contain a description of the person being transported and a brief statement of the facts of the case.  A person in transit shall be detained in custody during the period of transit.

2.     Authorization is not required when air transportation is used by one State and no landing is scheduled on the territory of the other State.  If an unscheduled landing does occur, the State in which the unscheduled landing occurs may require a request for transit pursuant to paragraph 1 of this Article, and it may detain the person until the request for transit is received and the transit is effected, as long as the request is received within 96 hours of the unscheduled landing.

Article 20

Representation and Expenses

1.     The Requested State shall advise, assist, and appear on behalf of, the Requesting State in any proceedings in the courts of the Requested State arising out of a request for extradition or make all necessary arrangements for the same.

2.     The Requesting State shall pay all the expenses related to the translation of extradition documents and the transportation of the person surrendered. The Requested State shall pay all other expenses incurred in that State in connection with the extradition proceedings.

3.      Neither State shall make any pecuniary claim against the other State arising out of the arrest, detention, examination, or surrender of persons under this Treaty.

Article 21

Consultation

The Parties may consult with each other in connection with the processing of individual cases and in furtherance of efficient implementation of this Treaty.

Article 22

Application

1.      This Treaty shall apply to offenses committed before as well as after the date it enters into force.

2.      This Treaty shall apply:

(a)  in relation to the United Kingdom: to Great Britain and Northern Ireland, the Channel Islands, the Isle of Man; and to any territory for whose international relations the United Kingdom is responsible and to which this agreement has been extended by agreement of the Parties; and

(b)  to the United States of America.

3.      The application of this Treaty to any territory in respect of which extension has been made in accordance with paragraph 2 of this Article may be terminated by either State giving six months' written notice to the other through the diplomatic channel.

4.      A request by the United States for the extradition of an offender who is found in any of the territories to which this Treaty applies in accordance with paragraph 2 of this Article may be made to the Governor or other competent authority of that territory, who may take the decision himself or refer the matter to the Government of the United Kingdom for its decision.  A request on the part of any of the territories to which this Treaty applies in accordance with paragraph 2 of this Article for the extradition of an offender who is found in the United States of America may be made to the Government of the United States by the Governor or other competent authority of that territory.

Article 23

Ratification and Entry into Force

1.      This Treaty shall be subject to ratification; the instruments of ratification shall be exchanged as soon as possible.

2.      This Treaty shall enter into force upon the exchange of the instruments of ratification.

3.      Upon the entry into force of this Treaty, the Extradition Treaty signed at London on June 8, 1972, and the Supplementary Treaty signed at Washington on June 25, 1985, (together, "the prior Treaty") shall cease to have any effect as between the United States and the United Kingdom, except as otherwise provided below. The prior Treaty shall apply to any extradition proceedings in which the extradition documents have already been submitted to the courts of the Requested State at the time this Treaty enters into force, except that Article 18 of this Treaty shall apply to persons found extraditable under the prior Treaty.

4.      The prior Treaty shall also apply to any territory to which it has been extended in accordance with Article II of that Treaty, until such time as the provisions of this Treaty have been extended to such a territory under Article 22(2).

Article 24

Termination

Either State may terminate this Treaty at any time by giving written notice to the other State through the diplomatic channel, and the termination shall be effective six months after the date of receipt of such notice.

IN WITNESS WHEREOF, the undersigned, being duly authorized by their respective Governments, have signed this Treaty.

DONE at Washington DC, in duplicate, this 31 day of March, 2003.

FOR THE GOVERNMENT OF THE
UNITED STATES OF AMERICA:

FOR THE GOVERNMENT OF THE
UNITED KINGDOM OF GREAT BRITAIN
AND NORTHERN IRELAND:

March 31, 2003

Dear Mr. Secretary:

I have the honor to refer to the Extradition Treaty between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland (the Treaty) signed today. I have the honor to propose that the Treaty be applied in accordance with the provisions set out in this Letter.

With regard to Article 22(2)(b) of the Treaty, the United States notes that Article 29 of the Vienna Convention on the Law of Treaties regarding the Territorial Scope of Treaties states: "Unless a different intention appears from the treaty or is otherwise established, a treaty is binding upon each party in respect of its entire territory." The entire territory of the United States encompasses, in addition to the fifty states and the District of Columbia: American Samoa, Baker Island, Guam, Howland Island, Jarvis Island, Johnston Atoll, Kingman Reef, Midway Islands, Navassa Island, Northern Mariana Islands, Palmyra Atoll, Puerto Rico, U.S. Virgin Islands, and Wake Island.

If the above proposal is acceptable to the Government of the United Kingdom of Great Britain and Northern Ireland, I have the honor to propose that this Letter and your reply to that effect will place on record the understanding of our two Governments on the matter, which will come into operation on the date of entry into force of the Treaty.

Sincerely,

John Ashcroft
Attorney General
United States Department
of Justice

31 March 2003

Dear Mr. Attorney General:

I have the honour to acknowledge receipt of your Letter of today's date, which reads as follows:

"I have the honor to refer to the Extradition Treaty between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland (the Treaty) signed today.  I have the honor to propose that the Treaty be applied in accordance with the provisions set out in this Letter.

With regard to Article 22(2)(b) of the Treaty, the United States notes that Article 29 of the Vienna Convention on the Law of Treaties regarding the Territorial Scope of Treaties states: "Unless a different intention appears from the treaty or is otherwise established, a treaty is binding upon each party in respect of its entire territory."  The entire territory of the United States encompasses, in addition to the fifty states and the District of Columbia: American Samoa, Baker Island, Guam, Howland Island, Jarvis Island, Johnston Atoll, Kingman Reef, Midway Islands, Navassa Island, Northern Mariana Islands, Palmyra Atoll, Puerto Rico, U.S. Virgin Islands, and Wake Island.

If the above proposal is acceptable to the Government of the United Kingdom of Great Britain and Northern Ireland, I have the honor to propose that this Letter and and your reply to that effect will place on record the understanding of our two Governments on the matter, which will come into operation on the date of entry into force of the Treaty."

I have the further honour to inform you that the foregoing proposal is acceptable to the Government of the United Kingdom of Great Britain and Northern Ireland and that your Letter of today's date and this Letter will place on record the understanding of our two Governments on the matter, which will come into operation on the date of entry into force of the Treaty.

Sincerely,

Rt. Hon. David Blunkett MP
Secretary of State for the
Home Department

31 March 2003

Dear Mr. Attorney General:

I have the honour to refer to the Extradition Treaty between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland (the Treaty) signed today. I have the honour to propose that the Treaty be applied in accordance with the understanding set out in this Letter.

The United Kingdom confirms that the provision in Article 18(2) of the Treaty, which precludes the onward extradition or surrender of a person extradited under the treaty, applies to preclude in accordance with that provision the onward surrender to the International Criminal Court (ICC) of a person extradited from the United States. Accordingly, the United Kingdom would contest any request from the ICC for such surrender, as being incompatible with Article 98(2) of the Statute of the ICC.

If the above proposal is acceptable to the Government of the United States of America, I have the honour to propose that this Letter and your reply to that effect will place on record the understanding of our two Governments on the matter, which will come into operation on the date of entry into force of the Treaty.

Sincerely,

Rt. Hon. David Blunkett MP
Secretary of State for the
Home Department

March 31, 2003

Dear Mr. Secretary:

I have the honor to acknowledge receipt of your Letter of today's date, which reads as follows:

"I have the honour to refer to the Extradition Treaty between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland (the Treaty) signed today. I have the honour to propose that the Treaty be applied in accordance with the understanding set out in this Letter.

The United Kingdom confirms that the provision in Article 18(2), which precludes the onward extradition or surrender of a person extradited under the treaty, applies to preclude in accordance with that provision the onward surrender to the International Criminal Court ("ICC") of a person extradited from the United States. Accordingly, the United Kingdom would contest any request from the ICC for such surrender, as being incompatible with Article 98(2) of the Statute of the ICC.

If the above proposal is acceptable to the Government of the United States of America, I have the honour to propose that this Letter and your reply to that effect will place on record the understanding of our two Governments on the matter, which will come into operation on the date of entry into force of the Treaty."

I have the further honor to inform you that the foregoing proposal is acceptable to the Government of the United States of America and that your Letter of today's date and this Letter will place on record the understanding of our two Governments in this matter, which will come into operation on the date of entry into force of the Treaty.

Sincerely,

John Ashcroft
Attorney General
United States Department
of Justice